Opinion filed July 30, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed July 30,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00050-CR

                                                       ________

 

                                    BILLY
RAY BOLTON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR33847

 



 

                                             M
E M O R A N D U M   O P I N I O N

Billy
Ray Bolton appeals his conviction by a jury of the offense of aggravated
assault with a deadly weapon.  The jury, after hearing enhancement evidence,
assessed his punishment at twenty-five years in the Texas Department of
Criminal Justice, Institutional Division.  Bolton asserts in three issues that
(1) the evidence is legally and factually insufficient to support his
conviction, (2) the trial court abused its discretion by allowing Officer
Douglas Crisp to give expert testimony, and (3) the trial court erred in
failing to suppress Bolton=s
Apost-duress@ statement.  We affirm.








Bolton
urges in Issue One that the evidence is legally and factually insufficient to
support his conviction.  In order to determine if the evidence is legally sufficient,
the appellate court reviews all of the evidence in the light most favorable to
the verdict and determines whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319 (1979).  To determine if the evidence is
factually sufficient, the appellate court reviews all of the evidence in a
neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006) (overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim.
App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App.
2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing
court determines whether the evidence supporting the verdict is so weak that
the verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence. Watson,
204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.

Silvia
E. Bledsoe, the complainant, testified that she lived with Bolton, with whom
she had a romantic relationship.  She recounted how Bolton hit her on the head
with a steel pipe when they were arguing.  She said that she blacked out right
away and that she was bleeding Afrom
[her] head, all the way down.@ 
She stated, AThey put
seven staplers [sic] in my head.@ 
Bledsoe acknowledged that she had mental problems due to a brain tumor in her
head.  She further acknowledged that, when not taking her medicine, she sometimes
hallucinates or has fits.  Bledsoe also related that, at one time, she had told
police Bolton hit her with a two-by-four.








Arthur
Levi Duson testified that he runs meetings with Narcotics Anonymous in
Midland.  He said that on one occasion in August 2007, while he was setting up
for a meeting at about 7:00 p.m., a female knocked on the door.  He stated
that she was bloody and that the blood was coming from the side of her head. 
Stating that he had seen many people that have been beaten up, he described her
as acting like a person who Ahad
just got beat up.@  He
indicated that, after he called 911, she passed out on his porch.  Duson
testified that he was familiar with Bolton because they had formerly hung out
together.  He related that, while he was on the phone with the police, Bolton
was riding through the alley on a bicycle.  He said he wondered why the police,
who were in the area at the time, did not see Bolton.  He acknowledged that he
did not see Bolton strike the complainant with a pipe.

Douglas
Crisp testified that he is, among other things, a night patrol officer with the
Midland Police Department.  He indicated that on August 12, 2007, he was
dispatched with reference to an assault.  He said that he encountered AMiss Sylvia.@  He said she had a lot of
blood on the left side of her face coming down from what he thought was a head
wound.  He indicated that she seemed disoriented.  He related that the wound
was bleeding and that there was a lot of blood.  Officer Crisp testified that
she said she had been struck in the head.  After determining that Bolton was
not at the location where he was advised he was supposed to be, Officer Crisp Aput an attempt to locate
out on that.  And some other officers started searching in their patrol units.@  He stated that, after
putting the attempt to locate out, he went to the emergency room to talk to the
victim.  He related that the complainant had described the weapon as something
that had wood and pipe in it.  He noted that, after arresting Bolton later in
the evening, he conducted a search for the weapon.  Officer Crisp said that,
while he was looking for the weapon, Bolton asked what he was looking for.  He
indicated that, when he told Bolton he was looking for a weapon, Bolton said, AIf there=s no weapon, there=s no evidence.@  He acknowledged that the
weapon was never found.  Midland Police Officer John McKinney also testified
about hearing Bolton=s
statement to the effect that, if there is no weapon, there is no evidence.  He
also indicated that Bolton basically said it would be her word against his.    Ervin
Vernon McCalister testified that he knew both Bolton and the complainant.  He
indicated that on August 12, 2007, he went by the house they occupied to see if
they wanted to go to a 3:00 p.m. softball game.  He said he chatted with Bolton
until the complainant arrived.  He related that, when she arrived, she said she
was coming from the Salvation Army, getting something to eat.  He said he left
because he had to go to the ball game and he did not want to be around their
arguing.  He said, A[T]hey
seemed like it was going to be a problem.@ 
He related that Bolton showed up at the game about thirty minutes after the
game started.  He acknowledged that he did not know whether Bolton had hit the
complainant with a pipe.  He also acknowledged that he did not know if Bolton
stayed at the park, went home, or went to the Salvation Army.








Mary
Clayborn McCalister testified that she had spent time with Bolton and the
complainant.  She said that on Sunday, August 12, 2007, she and Ervin went to
Bolton=s house about
an hour before the game.  She stated that they wanted to see if Bolton wanted
to go to the game.  She said she had been at the park about twenty or
twenty-five minutes when Bolton arrived on his bicycle.  She acknowledged that
she did not know what happened at the house after she left.  She also
acknowledged that Bolton and the complainant had Agot
frustrated at each other@
and that she did not know how long Bolton was at the park.

We
hold that the evidence is legally and factually sufficient to support Bolton=s conviction.  The evidence
includes photographs of the complainant=s
head injuries.  Witnesses testified to her extensive bleeding.  She
consistently named Bolton as the person who had assaulted her.  She identified
a plastic pipe as being close in size to the metal pipe that Bolton assaulted
her with.  The complainant told the investigating officer that she was struck
with an object that consisted of wood and pipe.  She also said that at one time
she told the police that he had hit her with a two-by-four.  At trial, she
identified a pipe as being similar to the weapon.  Bolton is correct that the
complainant appeared confused in her testimony about details, which the
complainant attributed to schizophrenia related to a brain tumor.  We believe
that the issues raised by Bolton are credibility issues that were for the jury
to resolve.  We overrule Issue One.

Bolton
insists in Issue Two that the trial court abused its discretion by allowing
Officer Crisp to testify that the injury suffered by the complainant was
consistent with being hit with a pipe.  Prior to giving this testimony, Officer
Crisp had testified that he had previously observed, on six or seven occasions,
wounds resulting from persons being hit in the head with blunt instruments.  He
said that he believed he had a good idea what it looks like when someone has
been knocked in the head with a blunt instrument but that he was not an expert,
not a doctor.  There was no indication that Officer Crisp had ever
observed a head wound that was specifically attributed to a pipe.  








The
State acknowledges that, to qualify as an expert witness, the witness must have
special knowledge of the matter about which he is testifying and the knowledge
need only exceed that of an average juror.  See Holmes v. State, 135
S.W.3d 178, 182 (Tex. App.CWaco
2004, no pet.).  While Officer Crisp may have exhibited some expertise, at
least superior to that of an average juror, with respect to head wounds caused by
blunt objects, there is no indication that he had any expertise at all with
respect to head wounds caused by pipes.  We, therefore, hold that the trial
court abused its discretion by allowing him to testify that the complainant=s wound was consistent with
a wound caused by a pipe.  

We
must next determine whether this error could have affected Bolton=s substantial rights.  Tex. R. App. P. 44.2(b); see King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  A substantial right is
affected when the error had a substantial and injurious effect or influence in
determining the jury=s
verdict.  King, 953 S.W.2d at 271.

In
closing arguments, the State focused on the complainant=s injury and the fact that throughout she had
been consistent in her statement that Bolton had assaulted her with a pipe. 
The State also reminded the jurors of Bolton=s
statement that A[i]f
there=s no weapon,
there=s no evidence.@  Bolton=s counsel focused on the
complainant=s mental
problems as they related to her credibility.  While the State did mention
Officer Crisp=s testimony
that the wound was consistent with being hit with a pipe, it did so only in the
context of pointing out that Officer Crisp did not change his mind at trial
when he learned more fully of the complainant=s
mental illness.  Under the charge given to the jury, it did not matter whether
the complainant was hit with a pipe or something else because the jury was
instructed to find Bolton guilty if he intentionally, knowingly, or recklessly
caused the complainant bodily injury by striking her with Aa two-by-four, a wooden
board, a pipe, a metal pipe, or a metal tube, or an object unknown to the Grand
Jury.@  Given all of
these facts, we hold that the testimony in question did not affect Bolton=s substantial rights
because it was not of such a nature as would have had a substantial or
injurious effect or influence on the jury=s
verdict.  We overrule Issue Two.








Bolton
asserts in Issue Three that the trial court erred in failing to suppress his Apost-duress@ statement.  We have noted
above that, when Bolton learned that Officer Crisp was looking for a weapon, he
volunteered the comment, AIf
there=s no weapon,
there=s no evidence.@  Bolton concedes that this
comment is admissible if it did not result from custodial interrogation and
that there was evidence that it was made after questioning ended.  He asks us
to speculate that, at the time he made the statement, Bolton could have
reasonably believed that he was responding to questions since the statement was
made a short time after the initial questioning ended.  We hold that, given the
evidence presented, the trial court could reasonably have found that Bolton=s comment was not in
response to any questioning, whether real or perceived.  Consequently, we hold
that the trial court did not abuse its discretion in failing to suppress Bolton=s statement.  We overrule
Issue Three.

The
judgment is affirmed.

 

 

PER CURIAM

 

July 30, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.